# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Colleen Summers,<br><br>Plaintiff<br><br>vs.<br><br>FAIRMONT EL SAN JUAN HOTEL; LOWE ENTERPRISES, INC.; CHUBB INSURANCE COMPANY;<br><br>Defendants | CIVIL NO.:<br><br>DAMAGES |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW plaintiff, **COLLEEN SUMMERS**, through her undersigned attorneys, and very respectfully states, alleges and prays:

### JURISDICTION AND VENUE

1. The diversity jurisdiction of this Honorable Court is invoked under the provisions of Title 28, United States Code, Section 1332(a)(1), and Article III, Section II of the Constitution of the United States, inasmuch as the parties are citizens of different states and the amount in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs and interest.

2.

2. Venue is proper because the facts which give rise to the complaint occurred within the District of Puerto Rico.

## THE PARTIES

3. Plaintiff Colleen Summers is of legal age, a resident and citizen of the State of Virginia with the following address: 9021 Brewer Creek Place, Manassas, Virginia 20109.

4. Defendant FAIRMONT EL SAN JUAN HOTEL (hereinafter "EL SAN JUAN") is a legal entity existing under the laws of the Commonwealth of Puerto Rico, which is a citizen of and has its principal place of business in the Commonwealth of Puerto Rico, to wit, ownership and operation of the Fairmont El San Juan Hotel located at: 6063 Ave. Isla Verde, Carolina, Puerto Rico 00979.

5. Defendant Lowe Enterprises, Inc. is a corporation or other legal entity with the following address: 11777 San Vicente Blvd., Suite 900, Los Angeles, California 90049-5084, which is a citizen of and has its principal place of business in a state other than the State of Florida, and which owns and operates the "EL SAN JUAN",

6. Defendant Chubb Insurance Company is an insurer with the following address: 33 Resolución Street, Suite 500, San Juan, Puerto Rico 00920-2707, which is a citizen of and has its principal place of business in the Commonwealth of Puerto Rico, and which issued one or more liability insurance policies covering the damages alleged in the present complaint.

## FACTS

7. On April 23, 2022, plaintiff was a registered guest at the "EL SAN JUAN" hotel located in Isla Verde, Puerto Rico. Plaintiff and her mother enjoyed dinner at an

3.

Italian restaurant located on the premises.  Afterwards, they met the plaintiff's sisters in the lobby.

8. Plaintiff went to use the women's restroom in the lobby.  She entered a stall in the women's restroom to use the toilet.  She then left the stall, and as she rounded the corner towards the washbasins she slipped on the wet floor and her left wrist jammed into the wall, causing a deep gash.

9. Prior to slipping and falling, plaintiff Colleen Summers did not notice the wetness on the bathroom floor.  The hotel had not placed any notice or sign in the area warning the guests "Caution: Wet Floor" or otherwise advising them of any dangerous condition and plaintiff Colleen Summers did not cause or contribute in any way to the occurrence of his fall.

10. Prior to plaintiff Colleen Summers's slip and fall, there had been a power outage at the hotel, and the air conditioning units were not functioning for an extended period of time.  This situation caused condensation and moisture to build up on the surfaces of the bathroom, including the floor.  Employees, agents and/or other personnel of the "EL SAN JUAN" had actual or constructive notice of the wet floor that plaintiff slipped on in the women's bathroom and failed to act in time to remedy this situation.

11. After falling, plaintiff Colleen Summers sought immediate medical attention for the bleeding and painful gash in her left wrist.  Family members accompanied her in a Lyft to the Emergency Room at the Ashford Presbyterian Community Hospital, where she was treated, and her wound was stitched.

12. Upon returning to her home in Manassas, Virginia, on May 3, 2022, plaintiff Colleen Summers sought medical attention to remove the stitches and follow up on her injury.  Despite medical treatment, the swelling and pain in her wrist persisted, and she was

4.

unable to perform many of the tasks of daily living she was accustomed to, such as picking up her young son, doing the dishes and working out. She thought her pain and swelling would subside, but it did not.

13. On November 22, 2022, she sought follow-up medical treatment due to persistent soreness and pain upon certain movements. She was referred by a nurse practitioner to an orthopedic physician.

14. On January 12, 2023, she sought medical treatment at an orthopedic clinic. Her Left wrist was found to have tenderness over the ECU tendon with no instability, and range of motion was found to be grossly intact with pain. A Triangular Fibrocartilage Complex tear ("TFCC") was suspected. She was given a painful steroid injection directly in the injured area and advised to wear a brace, which she wore for seven (7) weeks, as well as to perform home wrist exercises. An MRI was recommended and performed on February 24, 2023. Although the MRI ruled out TFCC, the plaintiff's pain and soreness persisted. Her physician ultimately advised her that she had damage and inflammation which could recur and flare up at any time, and that she should return as needed.

15. Plaintiff Colleen Summers continues to receive treatment and has not yet recovered fully from her injuries.

16. As a result of the incident described herein, plaintiff Colleen Summers suffered and continues suffering physical and emotional damages, including but not limited to physical pain, swelling, limitations, discomfort, as well as mental anguish and loss of enjoyment of life. She is unable to use her left hand as she used to, is unable to lift heavy pots and pans, is unable to lift weights, and unable to perform other activities

5.

of daily living. The value of such damages far exceeds the jurisdictional amount of $75,000 and will ultimately be determined by a jury.

17. As a result of the incident described herein, plaintiff Colleen Summers has incurred out-of-pocket expenses for medication and treatment, with further expenses expected. As of this filing, her medical expenses amount to $4,854.00. She has also lost wages in the amount of $1,170.00 due to her attendance at medical appointments. In addition, she lost three months of gym membership, at a cost of $578.00.

**CAUSE OF ACTION**

18. The allegations of the preceding paragraphs are incorporated by reference as if set forth in their entirety.

19. Under Article 1536 of the Civil Code of Puerto Rico, the defendants Fairmont El San Juan Hotel and Lowe Enterprises, Inc. had at all times the duty to exercise reasonable care in the operation of the "EL SAN JUAN" hotel, such as might be exercised by a good family father. As owners and operators of a hotel, these defendants were required to exercise a particularly heightened degree of care towards their guests, which included a duty to maintain the premises in reasonably safe condition, in order to protect the safety and security of all hotel guests, such as the plaintiff herein.

20. The women's bathroom area in the lobby of the "EL SAN JUAN" hotel is a heavily trafficked part of the premises which is frequented by hotel guests and invitees, many of whom are using the bathroom's sinks and faucets to wash. Moreover, on the day in question, prior to plaintiff Colleen Summers's slip and fall, there had been a power outage at the hotel, and the air conditioning units were not functioning for an extended period of time. This situation caused condensation and moisture to build up on the surfaces of the bathroom, including the floor.

6.

21. It was therefore reasonably foreseeable at the time of the incident subject of this complaint that guests and invitees might periodically spill water unto the bathroom floor, and/or that moisture and condensation might build up on the floor due to the power outage, all of which which might go unnoticed by persons exiting the toilet stalls, thereby resulting in a potentially dangerous situation. The defendants Fairmont El San Juan Hotel and Lowe Enterprises, Inc. thus had a duty to monitor the women's bathroom floor and ensure that it was kept in a reasonably clean, tidy and dry condition.

22. The defendants Fairmont El San Juan Hotel and Lowe Enterprises, Inc. breached their duty of care towards plaintiffs by failing to monitor the area in question, failing to ensure that the area was kept in a reasonably safe condition, and by failing to warn guests that such area was wet and slippery, despite actual or constructive notice of a potentially dangerous condition.

23. All damages suffered by plaintiff are the direct, proximate and foreseeable consequence of the actions, omissions, negligence and breach of duty of the defendants Fairmont El San Juan Hotel and Lowe Enterprises, Inc.

24. Plaintiff Colleen Summers did not cause or contribute to the occurrence of the incident described above, nor did she cause or contribute to the damages alleged.

25. As an insurer which issued one or more liability insurance policies covering the damages alleged in the present complaint, defendant Chubb Insurance Company is directly liable to plaintiff under Puerto Rico's direct-action statute, Title 26 P.R. Laws Annotated, Section 2003.

7.

26. To the extent the defendants deny liability for the damages claimed herein, they act with obstinacy and temerity and are therefore liable for prejudgment interest, costs and attorneys' fees.

27. Pursuant to the Seventh Amendment and Fed.R.Civ.P. 38, plaintiff demands trial by jury of all triable issues in this case.

**WHEREFORE,** plaintiff respectfully requests that the Honorable Court grant the present complaint and award damages to her, exclusive of prejudgment interest from the date of this filing, costs and reasonable attorneys' fees, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 22nd day of April, 2023.

S/Manuel San Juan
MANUEL SAN JUAN
USDC-PR No.: 204706
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.: (787) 723-6637 / (787) 723-6669
Fax:  (787) 725-2932
E-mail: sanjuanm@microjuris.com

S/Mariela Maestre Cordero
MARIELA MAESTRE CORDERO
USDC-PR No.:  220302
P.O. Box 11405
San Juan, Puerto Rico 00922
Tel.:  (787) 518-0331
Fax:  (939) 204-5033
E-mail:  maestrecordero@hotmail.com